

**FILED**

**June 23, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:58 AM**



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: JAMES LAWSON**

**DOCKET #: 2014-01-0067**

**EMPLOYER: MID-SOUTH TRANSPORT**

**STATE FILE #: 98697-2014**

**CARRIER: NATIONAL INTERSTATE INS.**

**DATE OF INJURY: December 16, 2014**

### ORDER OF DISMISSAL

THIS CAUSE came before the undersigned Workers' Compensation Judge on June 17, 2015, for a hearing on the Motion to Dismiss filed May 6, 2015, by Mid-South Transport (Mid-South). The Court conducted the hearing by telephone. Attorney Allen Callison represented Mid-South and its workers' compensation carrier, National Interstate Insurance, at the hearing. James Lawson (Mr. Lawson), the employee, represented himself.

### HISTORY OF THE CLAIM

Mr. Lawson filed a Petition for Benefit Determination on December 26, 2014, seeking medical and temporary disability benefits for injuries to his left knee that he allegedly suffered on December 16, 2014, when he stepped down from his truck to the ground at work. On February 25, 2015, Mr. Lawson requested an Expedited Hearing to determine whether he was entitled to medical and temporary disability benefits. Mr. Lawson filed his Request for Expedited Hearing alleging his injury arose primarily out of and in the course and scope of his employment. Mid-South filed a response to the Expedited Hearing with the defense that Mr. Lawson suffered an idiopathic injury.

The Court scheduled a telephonic Expedited Hearing on March 30, 2015, which both parties attended. On April 15, 2015, the Court issued an Expedited Hearing Order denying the relief sought by Ms. Lawson. The Court based its decision on the evidence introduced at the hearing that indicated that Mr. Lawson suffered an idiopathic injury that did not arise primarily out of and in the course and scope of employment. Mr. Lawson did not appeal the Expedited Hearing Order. The Expedited Hearing Order set an Initial Hearing for June 4, 2015[1].

On May 6, 2015, Mid-South filed its Motion to Dismiss pursuant to Mediation and Hearing Procedure Rule 0800-02-21-.14(3) (2014). This Motion to Dismiss will hereinafter be referred to as a "Rule .14(3) motion." On June 18, 2015, both parties appeared by telephone for

---

[1] The parties appeared on June 4, 2015, for the Initial Hearing. For good cause shown, the Court reset the Initial Hearing for July 20, 2015.

the Rule .14(3) motion hearing.

## Issue

Whether Mid-South is entitled to dismissal of Mr. Lawson's claim.

## Employer's Contentions

Mid-South seeks dismissal of this claim because Mr. Lawson did not introduce any evidence to prove that his injury arose primarily out of and in the course and scope of his employment. Mid-South asserts through its Rule .14(3) motion that Mr. Lawson must provide some evidence that he suffered an injury arising primarily out of and in the course and scope of employment. It notes that the Court found that Mr. Lawson suffered an idiopathic injury. It asserts that the facts have not changed, and Mr. Lawson has not presented any other cause of his injury.

## Employee's Contentions

Mr. Lawson acknowledges that he suffered an idiopathic injury. However, he asserts that Mid-South should accept his current injury as compensable, because he previously suffered an idiopathic injury and Mid-South accepted that claim.

## Discussion

Rule 0800-02-21-.14(3) of the Mediation and Hearing Procedures of the Division of Workers' Compensation provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. The rule states that the injured employee shall file a response to the employer's dismissal motion within thirty (30) days after its filing and, thereafter, the Court shall set the motion for a hearing. Mr. Lawson did not file a response within the designated time period. The Court waited until Mr. Lawson's time for response expired and, thereafter, scheduled a hearing on Mid-South's motion.

Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by section 50-6-239(c)(1) and that the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

A party may only file a Rule .14(3) motion after the Court has conducted an Expedited Hearing at which the court denied the claim on the grounds of compensability. When denying relief at an Expedited Hearing, the Court must find that the injured worker would be unlikely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

2

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3) motion, the injured worker does not resolve the evidentiary inadequacies in his or her claim or articulate a clear intent to do so, the Court may dismiss the injured worker's claim.

At the Expedited Hearing, Mid-South defended Mr. Lawson's claim by introducing evidence that indicated that Mr. Lawson suffered an idiopathic injury. Based on Mr. Lawson's testimony and the evidence in the file, the Court found that Mr. Lawson was not entitled to benefits because he failed to establish the work-relatedness of his injury.

As stated above, Mid-South's Rule .14(3) motion forced Mr. Lawson to address the above-described evidentiary inadequacy by either producing evidence that his injury arose primarily out of and in the course and scope of his employment or articulating a clear intent to do so. Mr. Lawson did neither. Instead, he admitted that he suffered an idiopathic injury.

In failing to provide any evidence of the work-relatedness of his injury, Mr. Lawson's evidence remains inadequate to establish a likelihood that he will prevail at a hearing on the merits. For this reason, the Court dismisses Mr. Lawson's claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lawson's claim for benefits under the Tennessee Workers' Compensation Act is dismissed without prejudice to the refiling of the claim; and

2. The Court taxes the $150 filing fee in this claim to Mid-South and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Division of Workers' Compensation. Mid-South or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims; and

3. The Initial Hearing set for July 20, 2015, is hereby cancelled.

4. **Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days.**

5. For question regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 23rd DAY OF JUNE, 2015.

Judge Brian K. Addington

3

Tennessee Court of Workers'
Compensation Claims
1908 Bowater Drive
Kingsport, TN 37660

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation (Dismissal) Order to appeal the decision to the Workers' Compensation Appeals Board. To File a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation (Dismissal) Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2014).

3. Serve a copy of the Request for Appeal upon the opposing party,

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk, the audio recording of the hearing (if available) for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen (15) days after filing the request for appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(4) (2014). Alternatively, the parties may file a statement of evidence. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2014).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 23rd day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| James Lawson | X | X | | | X | Southpawed1@yahoo.com |
| Allen Callison, Esq. | | | | | X | acallison@eraclides.com |

_____

**Penny Patterson-Shrum, Clerk**
**Court of Workers Compensation Claims**
**WC.CourtClerk@tn.gov**

5